UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-166-FDW
3:00-cr-43-FDW-2

| | |
|---|---|
| JOSEPH ANDREW DAVIS, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) |
| | ) **ORDER** |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| | ) |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed under 28 U.S.C. § 2255. (Doc. No. 1). For the reasons that follow, Petitioner's Section 2255 will be dismissed as untimely.

## I. BACKGROUND

On May 1, 2002, Petitioner was sentenced to a 200-month term of imprisonment following conviction for conspiracy to possess with intent to distribute and distribution of cocaine and cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1). (3:00-cr-43, Doc. No. 81: Judgment in a Criminal Case at 1-2). Petitioner noted a timely appeal to the United States Court of Appeals for the Fourth Circuit which was later dismissed by agreement pursuant to Rule 42(b) of the Federal Rules of Appellate Procedure. (Doc. Nos. 87, 88).

On March 12, 2012, Petitioner filed the present motion under Section 2255 contending that he received ineffective assistance of counsel because his attorney failed to preserve arguments that would later be addressed, and decided some nine and half years after his sentencing by the Fourth Circuit in United v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). For reasons explained below, Petitioner's arguments are without merit and his § 2255 motion

1

will be dismissed.

## II.  STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.  DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Under the AEDPA, there is a one-year statute of limitations for filing a motion for collateral relief. Section 2255(f) provides:

> (f)     A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner's sentence became final over eight years ago following the dismissal of his direct

appeal before the Fourth Circuit. Petitioner explains that his Section 2255 motion is timely under Section 2255(f) because the facts supporting Petitioner's claim could not have been discovered until the Fourth Circuit filed its decision in United States v. Simmons on August 17, 2011.[1] The Court finds that Petitioner's reliance on Simmons is misplaced and his Section 2255 motion must be dismissed as untimely. Further, the Court finds that Petitioner is not entitled to equitable tolling for the reasons stated below.[2]

Petitioner argues that his trial counsel was ineffective because he failed to preserve arguments relating to whether his prior convictions qualified as felonies for the purpose of a sentencing enhancement under 21 U.S.C. § 851; while in the same breath, Petitioner concedes that at the time he was sentenced the state of the law was settled and "made what took place at [his] sentencing unchallengeable." (3:12-cv-166, Doc. No. 1 at 5, 7).

Following his indictment, the Government filed a notice of its intention to seek enhanced penalties under 21 U.S.C. § 851, and therein alleged that Petitioner had two prior felony convictions: a conviction for possession of cocaine in 1996, and two, a conviction for possession with intent to sell and deliver cocaine base in 2000. (3:00-cr-43, Doc. No. 34). If the effort to enhance Petitioner's sentence based on the two priors following conviction under Section 841(a) was successful, Petitioner would face a mandatory term of life imprisonment. See Section

---

[1]Petitioner has adequately addressed the issue of the timeliness of his Section 2255 motion. Accordingly, the Court finds that notice is not required prior to the *sua sponte* dismissal of his motion. See Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002). (3:12-cv-166, Doc. No. 1 at 10).

[2]In order to receive the extraordinary benefit of equitable tolling, Petitioner must show that he has been diligently pursuing his rights to collateral relief and that failure to apply equitable tolling to excuse the one-year time limitation would result in a "gross injustice." See Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). As the Court concludes below, Petitioner has no claim at all, therefore his motion cannot be saved by equitable tolling.

3

841(b)(1)(A).

In Simmons, the Fourth Circuit held that in order for a prior felony conviction to serve as a predicate offense [for either a crime of violence or a controlled substance offense], the individual defendant must have been convicted of an offense for which *that* defendant could be sentenced to a term exceeding one year. Simmons, 649 F.3d at 243 (emphasis added). In reaching this holding, the Simmons Court expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), which held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." Id. (quoting Harp, 406 F.3d at 246) (emphasis omitted).

Petitioner argues that he is entitled to relief because his prior state convictions did not qualify as felonies under the reasoning in Simmons. The prior drug convictions identified by the Government in the Section 851 notice did not, in fact, carry prison terms exceeding one year. See (3:00-cr-43, Doc. No. 123: Presentence Report ("PSR") ¶¶ 43, 45). However, that is of no importance as Petitioner was ultimately sentenced, with or without consideration of the prior convictions, to a 200-month term of imprisonment under Section 841(b)(1)(A) which is well within the maximum as authorized by law. See 841(b)(1)(A) (following a conviction under Section 841(a), a defendant shall be sentenced to "not less than 10 years or more than life.").

In order to challenge the legality of a sentence in a Section 2255 proceeding the petitioner must show that the sentence was in excess of the maximum allowed under the law. Section 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to

4

impose such sentence, or **that the sentence was in excess of the maximum authorized by law**, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a) (emphasis added).

Petitioner has no grounds upon which to rest his claim for relief in this Section 2255 proceeding because he was sentenced well below the maximum term of life imprisonment. See United States v. Powell, 691 F.3d 554, 562 n.1 (4th Cir. 2012) ("As a case in point, Powell received § 841(b)(1)(A)'s enhanced twenty-year statutory minimum sentence. Without the enhancement, Powell could have been sentenced to as little as ten years of imprisonment, but his statutory maximum would have yet been life. Thus, the twenty-year sentence imposed on Powell is within the unenhanced statutory maximum—as any such enhanced subsection (b)(1)(A) sentence would necessarily be.").[3]

Petitioner's claims of ineffective assistance of counsel are therefore without merit as he suffered no prejudice because he received a sentence within the maximum. Moreover, as Petitioner plainly concedes, the law was well-settled at the time he was sentenced, to wit, his prior convictions were properly considered felonies under the reasoning in Harp. Trial counsel cannot be found to be ineffective for following the established law of the Fourth Circuit, and

---

[3] Note Judge King's explaination in his dissenting opinion:

> As a case in point, Powell received Section 841(b)(1)(A)'s enhanced twenty-year statutory minimum sentence. Without the enhancement, Powell could have been sentenced to as little as ten years of imprisonment, but his statutory maximum would have yet been life. Thus, the twenty-year sentence imposed on Powell is within the unenhanced statutory maximum– as any such enhanced sentence subsection (b)(1)(A) sentence would necessarily be.

United States v. Powell, 691 F.3d 554, 562 n.1 (4th Cir. 2012) (King, J., concurring in the judgment).

5

more to the point, for failing to foresee changes in the law which would occur years after Petitioner's conviction. See United States v. McNamara, 74 F.3d 514, 517 (4th Cir. 1996).

In sum, Petitioner does not meet the threshold to establish his Section 2255 motion is timely under Section 2255(f)(4) because Simmons provides him with no claim for relief and his petition will be therefore dismissed as untimely.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner Section 2255 motion is **DISMISSED**. as untimely. (Doc. No.1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: October 19, 2012

Frank D. Whitney
United States District Judge